■ In the Matter of DWAYNE JENKINS, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Cor-

rectional Services, et al., Respondents. [658 NYS2d 539] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting unhygienic acts and possession of contraband after five milk cartons containing feces and urine were found in his cell during a routine cell frisk. The detailed misbehavior report written by the correction officer who conducted the cell frisk was sufficiently relevant and probative to support the determination of petitioner's guilt (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). Although not tested or presented at the hearing, we find that the Hearing Officer could reasonably rely upon the correction officers' identification of the substances contained in the milk cartons through their appearance and odor (see generally, Matter of Cornish v Coughlin, 122 AD2d 495, 496 [correction officer's observations sufficient to sustain determination]). Petitioner's contention that the substance was food merely created a credibility determination for the Hearing Officer to resolve (see, Matter of Wood v Selsky, 237 AD2d 843, 844). Finally, contrary to petitioner's assertion, we find that sanctions were properly imposed (see, Matter of Coleman v Kelly, 72 NY2d 850, 851-852). Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J. P., Crew III, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.