■ In the Matter of MARCO ALMONTE, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [690 NYS2d 757] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of committing an unhygienic act and damaging State property. The misbehavior report stated that, on January 7, 1998, a correction officer walked near petitioner's cell to investigate why mealtime was being held up and saw that someone had thrown feces all over the "feed up" cart and trays. The correction officer noticed that the floor in front of petitioner's cell was wet and the smell of feces was strong. He also saw that there was wet feces all over the bars of petitioner's cell. He asked petitioner what was on the bars of his cell and petitioner stated that he did not know and the substance was there when he moved into the cell over a week earlier. The correction officer left to fetch a camera in order to photograph the mess and when he returned, some of it had been cleaned off of petitioner's cell bars. As a result of the incident, 18 food trays had to be thrown away. Following the determination of guilt and petitioner's unsuccessful administrative appeal therefrom, petitioner commenced this CPLR article 78 proceeding.

In our view, the clear and detailed misbehavior report, combined with the testimony presented at the hearing, constitutes substantial evidence to support the alleged misconduct (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). Although petitioner denied the conduct charged, this merely presented a credibility issue for the Hearing Officer to decide (see, Matter of Flowers v Barkley, 244 AD2d 682, 683). Next, we are unpersuaded by petitioner's contention that the Hearing Officer was biased and, in any event, petitioner failed to establish that the outcome of the hearing flowed from the alleged bias (see, Matter of Lawrence v Headley, 257 AD2d 837). Petitioner's remaining contentions have been examined and, to the extent that they have been preserved for appellate review, found to be without merit. Contrary to petitioner's argument, the Hearing Officer did not act inappropriately in allowing certain inmates, due to "security concerns", to give taped testimony outside of petitioner's presence (see, e.g., Matter of Sime v Selsky, 236 AD2d 650, 651) and we note that petitioner supplied written questions that were asked and answered, and he has failed to detail any prejudice accruing to him as a result of this procedure.

Mikoll, J. P., Mercure, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.