■ In the Matter of MIGUEL CRUZ, Petitioner, v DONALD SELSKY, as Director of the Inmate Disciplinary Program, Respondent. [694 NYS2d 811] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit inmates from being an accessory to an assault, creating a disturbance, refusing a direct order, possessing a weapon and engaging in violent conduct. Evidence presented at the disciplinary hearing revealed that petitioner was observed participating in a violent altercation involving several other inmates and then picking up a shank and fleeing the scene with it in contravention of direct orders that he stop. The shank was thereafter recovered and positively identified as the one possessed by petitioner. Upon petitioner's administrative appeal, the penalty was modified but the determination of guilt was affirmed. Petitioner subsequently commenced this CPLR article 78 proceeding and we confirm.

Contrary to petitioner's contention, we find that the detailed misbehavior report, combined with the reporting officer's testimony as to his eyewitness observations, provide substantial evidence of petitioner's guilt (*see, Matter of Pagan v Selsky*, 262 AD2d 683). Given the fact that inmates were injured in

the course of the altercation and petitioner was observed fleeing with an involved weapon, we find no error in petitioner being charged with accessorial conduct (see, Matter of Wan v Selsky, 231 AD2d 812). Although petitioner denied possessing a weapon or participating in the melee, this merely raised a credibility issue for the Hearing Officer to resolve (see, Matter of Gonzalez v Selsky, 253 AD2d 940). With respect to petitioner's claim of Hearing Officer bias, we note that argument was not properly preserved for appellate review and, in any event, lacks merit. Finally, we conclude that petitioner was not denied the right to call witnesses who would provide relevant, noncumulative testimony.

Cardona, P. J., Mercure, Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.