■ In the Matter of WALTER ELLISON, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [704 NYS2d 168] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing, petitioner, a prison inmate, was found guilty of committing an unhygienic act and interfering with an employee stemming from an incident wherein petitioner threw feces at another inmate. According to the misbehavior report, a correction officer who was standing in front of petitioner's cell observed another inmate return from the shower and approach petitioner's cell, at which time the inmate was struck with a substance resembling feces. The incident resulted in a 25-minute delay of the shower program while petitioner was moved to a different cell and the inmate was permitted to take another shower. Following the determination of his guilt and an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. In our view, substantial evidence of petitioner's guilt was furnished by the misbehavior report and the testimony of its author indicating that after he witnessed the incident he detected the odor of feces and observed feces particles on the window in front of petitioner's cell (*see, Matter of Almonte v Goord*, 261 AD2d 684, *lv denied* 93 NY2d 818; *Matter of Shabazz v Selsky*, 256 AD2d 815, *lv denied* 93 NY2d 815; *Matter of Stokes v Goord*, 254 AD2d 558, *lv denied* 92 NY2d 819). Petitioner's denial of the allegations and the exculpatory testimony provided by an inmate witness merely created a credibility issue for the Hearing Officer to resolve (*see, Matter of Polite v Goord*, 258 AD2d 795; *Matter of Jenkins v Coombe*, 240 AD2d 825). Moreover, although the misbehavior report incorrectly identified petitioner's cell number, this was merely a technical error which was sufficiently explained at the hearing (*see, Matter of Alston v Great Meadow Correctional Facility*, 252 AD2d 697; *Matter of Frazier v Goord*, 251 AD2d 800, *lv denied* 92 NY2d 813).

Finally, the Hearing Officer's inquiries into petitioner's possible membership in an unauthorized organization were not indicative of bias (*see, Matter of Agosto v Coughlin*, 153 AD2d 1008) and, in any event, petitioner has failed to demonstrate that the determination of guilt flowed from the alleged bias (*see, Matter of Nicholas v Shriver*, 259 AD2d 863; *Matter of Lawrence v Headley*, 257 AD2d 837).

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.