◼ In the Matter of JAMES O. MURRAY, III, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [709 NYS2d 662] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner, a prison inmate, was found guilty of committing an unhygienic act and damaging State property after he was found to have thrown feces throughout his cell. The detailed misbehavior report, as well as petitioner's own testimony, the testimony of a correction officer and another inmate, who were both aware of the incident, and photographs of petitioner's cell provide substantial evidence of petitioner's guilt (see generally, *Matter of Williams v State of N. Y. Dept. of Correctional Servs.*, 264 AD2d 889; *Matter of Covington v Coughlin*, 228 AD2d 981). Furthermore, any alleged inconsistencies between the testimony offered by petitioner and any other witnesses presented a credibility issue for the Hearing Officer to resolve (see, *Matter of Zarvela v Goord*, 270 AD2d 532).

Petitioner's claim that procedural errors denied him the right

to a fair hearing are without foundation. His request for a particular witness was properly denied as that witness' testimony would be irrelevant to the incident charged (*see, Matter of Covington v Goord,* 262 AD2d 803). Similarly, we reject petitioner's contention that his eventual removal from the hearing room constituted an abuse of the Hearing Officer's discretion. In light of petitioner's disruptive and accusatory conduct following the disposition, the Hearing Officer's decision to remove petitioner was well within his discretionary power (*see, Matter of Thomas v Bennett,* 271 AD2d 768). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Crew III, J. P., Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.