■ In the Matter of ROGELIO HEADLEY, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [711 NYS2d 214] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung

County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of committing an unhygienic act, damaging State property and interfering with an employee. The misbehavior report related that on April 27, 1999, a correction officer was notified by an inmate food porter that the "feed up" cart and trays were "messed up". The correction officer went to where the cart was located, near petitioner's cell, and determined that feces had been thrown on the cart and trays. Further investigation revealed feces on the floor outside petitioner's cell and in cups found in petitioner's cell. As a result of the incident, 21 food trays had to be disposed of and replaced. Following the determination of guilt and an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Petitioner challenges the determination on the ground that it was not supported by substantial evidence. We disagree. The detailed misbehavior report, combined with the testimony presented at the hearing, provided substantial evidence of petitioner's guilt (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *Matter of Ellison v Goord*, 269 AD2d 639; *Matter of Almonte v Goord*, 261 AD2d 684, *lv denied* 93 NY2d 818). We also reject petitioner's contention that the misbehavior report was defective inasmuch as the report specified the charges and the time of the incident with sufficient particularity to enable petitioner to prepare a defense (*see, Matter of Porter v Miller*, 261 AD2d 747).

We are similarly unpersuaded by petitioner's contention that the hearing was untimely. Contrary to petitioner's assertion, the seven-day rule is inapplicable (*see*, 7 NYCRR 251-5.1 [a]) because the record discloses that at the time of the incident petitioner was already in restrictive confinement (*see, Matter of Nelson v Selsky*, 239 AD2d 795). Petitioner's remaining contentions, including his assertion that the Hearing Officer was biased, have been reviewed and, to the extent that they have been preserved for our review, found to be without merit.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.