■ In the Matter of WILLIAM F. BONEZ, Petitioner, v B. CLARK, as Hearing Officer, Southport Correctional Facility, et al., Respondents. [713 NYS2d 235] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges two separate prison disciplinary determinations each of which found him guilty of committing an unhygienic act by throwing feces. Contrary to petitioner's contention, the combination of the first misbehavior report, the photographs of the feces, and the hearing testimony of the correction officers who analyzed the angle from which the feces was thrown and concluded that it originated from petitioner's cell, constitute substantial evidence to support the first determination that petitioner committed an unhygienic act (*see, Matter of Headley v Goord*, 274 AD2d 714, 715; *Matter of Hernandez v Coombe*, 228 AD2d 760). Moreover, the second misbehavior report, together with the evidence that feces were observed in the vicinity of petitioner's cell during the same time period in which petitioner was seen attempting to dispose of a styrofoam cup containing feces, provide substantial evidence to support the second determination of guilt (*see, Matter of Almonte v Goord*, 261 AD2d 684, 685, *lv denied* 93 NY2d 818; *Matter of Burt v McGinnis*, 249 AD2d 650). Petitioner's assertions of innocence at the disciplinary hearings created credibility issues for the Hearing Officers to resolve (*see, Matter of Ellison v Goord*, 269 AD2d 639; *Matter of Almonte v Goord, supra*, at 685).

Petitioner's remaining contentions have been reviewed and rejected as unpersuasive.

Mercure, J. P., Crew III, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.