■ In the Matter of CLARENCE EVANS, Petitioner, v DONALD SELSKY, as Special Housing Unit Director, Respondent. [723 NYS2d 519] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commis-

sioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination of the Commissioner of Correctional Services which found him guilty of violating the prison disciplinary rules which prohibit refusing a direct order, assaulting staff, creating a disturbance, interfering with an employee, engaging in an unhygienic act and engaging in violent conduct. The detailed misbehavior report relates that, in an attempt to remove petitioner from his cell, he failed to obey an order to put his hands through the cell hatch in order to be handcuffed and threw a cup of urine at four correction officers. The misbehavior report, together with the corroborating testimony of the correction officers who were the subject of the assault, pictures of their clothing and videotape evidence, provide substantial evidence of petitioner's guilt (*see, Matter of Bonez v Clark*, 275 AD2d 853).

Contrary to petitioner's assertion, the Hearing Officer could reasonably rely on the correction officers' testimony that the liquid that petitioner threw smelled like urine (*see, Matter of Jenkins v Coombe*, 240 AD2d 825). Furthermore, any inconsistencies in the evidence or testimony presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Rossi v Portuondo*, 277 AD2d 615). We also reject petitioner's contention that he was denied the right to call an inmate witness. Although the Hearing Officer did not personally interview the inmate witness, the testimony of the correction officer who spoke to the inmate twice was sufficient to evaluate the authenticity of the inmate's refusal to testify or sign the refusal to testify form (*see, Matter of Hodges v Murphy*, 246 AD2d 701).

Petitioner's remaining contentions, including his claim of Hearing Officer bias and inadequate employee assistance, have been reviewed and found to be without merit.

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.