■ In the Matter of SHAWN WILLIAMS, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, Respondent. [732 NYS2d 111] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was being removed from his cell for urinalysis testing, he was found to be in possession of a small bottle containing what the correction officers believed to be urine. Petitioner was then directed to provide a urine specimen and, after a lengthy delay, turned his back away from the supervising officer and then handed the officer a cup containing a small amount of what appeared to be spittle. According to petitioner, the determination finding him guilty of various charges arising out of this incident, including refusal to obey a direct order and a urinalysis violation, is not supported by substantial evidence.

Contrary to petitioner's claim, no chemical analysis or other scientific tests of the contents of either the bottle or the cup were required to support the conclusion that the bottle contained urine and the cup did not. Rather, the Hearing Officer could reasonably rely on the testimony of the correction officers regarding the color, odor and appearance of the containers' contents (*see, Matter of Evans v Selsky*, 278 AD2d 780; *Matter of Jenkins v Coombe*, 240 AD2d 825). The record contains substantial evidence to support the determination and, therefore, in the absence of any merit to petitioner's remaining argument that he was denied the right to call a witness, the determination must be confirmed.

Mercure, J. P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.