■ In the Matter of ROGELIO HEADLEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [733 NYS2d 543] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules which prohibit committing an unhygienic act, interference with an employee and damaging State property. Among the evidence presented at petitioner's disciplinary hearing was the misbehavior report written by a correction officer who was distributing material from the law library to inmates confined in the special housing unit when he observed that feces had been strewn around the interior of petitioner's cell as well as in the area in front of it. He determined from the quantity and the "splatter pattern" that the feces had originated from inside the cell. The State-issued mattress and bedding in petitioner's cell and the prison clothes he was wearing had to be thrown out, and an inmate restitution list showed that the replacement cost of the items destroyed was $105.71.

Also admitted in evidence at the hearing were eight Polaroid photographs depicting petitioner's cell following the incident. Additional evidence was presented in the form of a memorandum written by the reporting correction officer in which he related that immediately after the incident, three inmates housed in neighboring cells had identified petitioner as the perpetrator of the unhygienic act. The foregoing constituted substantial evidence in support of the determination under review (*see, Matter of Bonez v Clark*, 275 AD2d 853; *Matter of Jenkins v Coombe,*

240 AD2d 825). Petitioner's testimony, in which he protested his innocence and asserted that the feces had been thrown into his cell by another inmate who had a history of similar misconduct, presented an issue of credibility that was for the Hearing Officer to resolve (*see, Matter of Murray v Goord*, 273 AD2d 558; *Matter of Ellison v Goord*, 269 AD2d 639). Petitioner's remaining contentions, including his assertion that he was denied access to relevant documents by the Hearing Officer who was biased against him, have been reviewed and found to be without merit (*see, Matter of Stile v Goord*, 285 AD2d 693; *Matter of Almonte v Goord*, 261 AD2d 684, 685, *lv denied* 93 NY2d 818).

Mercure, J. P., Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.