■ In the Matter of HARVEY MARCELIN, Petitioner, v DONALD SELSKY, as Director of Special Housing for the New York State Department of Correctional Services, et al., Respondents. [733 NYS2d 820] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplin-

ary rules that prohibit physical contact between inmates and the commission of sexual acts. The reporting correction officer stated in the misbehavior report that he had observed petitioner standing in the corner of the telephone room engaged in an act of oral intercourse with another inmate. Substantial evidence of petitioner's guilt was presented at his disciplinary hearing in the form of the misbehavior report and the investigation memorandum (*see, Matter of Gonzalez v Goord*, 272 AD2d 797, *appeal dismissed, lv dismissed* 96 NY2d 728; *Matter of Garcia v Goord*, 261 AD2d 674, *appeal dismissed, lv dismissed* 94 NY2d 834). The exculpatory testimony given by petitioner's inmate witnesses, as well as petitioner's own testimony, in which he asserted his innocence and alleged that he had been "set up" by the reporting correction officer, presented issues of credibility that were resolved in the discretion of the Hearing Officer (*see, Matter of Garnette v Goord*, 270 AD2d 536). Petitioner's remaining contentions, including his assertions of procedural errors and Hearing Officer bias, have been reviewed and found to be without merit.

Crew III, J. P., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.