■ In the Matter of ROGELIO HEADLEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [742 NYS2d 696] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports. In the first, he was charged with violating the prison disciplinary rule prohibiting inmates from causing intentional flooding based upon the reporting correction officer's observation of water and debris flowing into the hall from petitioner's cell. The officer subsequently testified that only petitioner's cell was flooded with water and debris, which petitioner was engaged in sweeping into the corridor. In the second misbehavior report, petitioner was charged with committing un unhygienic act after the reporting correction officer observed a cup being thrust out of petitioner's cell, and then observed feces littering the hall between petitioner's cell and that of his neighbor, indicating that petitioner had been attempting to throw feces into his neighbor's cell.

Petitioner was ultimately found guilty of both intentionally flooding the facility and committing an unhygienic act. This determination was based upon substantial evidence in the form of, inter alia, the misbehavior reports and the eyewitness testimony of the correction officer who authored them (*see, Matter of Headley v Goord*, 274 AD2d 714, 715; *Matter of Ellison v Goord*, 269 AD2d 639). The exculpatory testimony given by petitioner and his inmate witness, in which they blamed the acts of misconduct on another inmate, raised an issue of credibility for resolution by the Hearing Officer (*see, Matter of Headley v Goord*, 289 AD2d 622; *Matter of Murray v Goord*, 273 AD2d 558). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.