■ In the Matter of MICHAEL SANCHEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [778 NYS2d 561]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with the unauthorized use of a controlled substance after a specimen of his urine tested positive for cocaine. A few days later during a family visit between petitioner, his wife and their children in the prison visiting room, a correction officer observed petitioner's wife with her hand down petitioner's pants. As a result, petitioner was charged in a second misbehavior report with engaging in a sexual offense and violating facility visiting room procedures. Separate tier III disciplinary hearings were held with respect to each misbehavior report, following which petitioner was found guilty of all charges. These determinations were affirmed on administrative appeal and are now challenged in this CPLR article 78 proceeding.

Turning first to the unauthorized use of a controlled substance charge, the misbehavior report, positive urinalysis test results and supporting documentation, together with the testimony of the correction officer who conducted the tests, provide substantial evidence of petitioner's guilt (*see Matter of Velez v Selsky*, 6 AD3d 783 [2004]; *Matter of Alexander v Goord*, 3 AD3d 638, 638 [2004]). Petitioner's claim of hearing officer bias is not supported by the record inasmuch as the hearing was conducted in a fair and impartial manner and the determination did not flow from any alleged bias (*see Matter of Brown v Selsky*, 5 AD3d 905, 907 [2004]; *Matter of Nieves v Goord*, 2 AD3d 1173, 1174 [2003]).

Likewise, petitioner's guilt of the charges of engaging in a

sexual offense and violating facility visiting room procedures is supported by substantial evidence consisting of the misbehavior report and the testimony of the correction officer who witnessed the conduct. The contrary testimony given by petitioner's wife and another inmate who was present in the visiting room presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Marcelin v Selsky*, 289 AD2d 752, 753 [2001]). Again, the record does not substantiate petitioner's claim that the Hearing Officer who presided over the second hearing was biased. We have considered petitioner's remaining contentions, to the extent that they have been preserved for our review, and find them to be without merit.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.