In the Matter of Shawn Powell, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [823 NYS2d 579]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the president of an inmate organization known as the Association for Community Teamwork (hereinafter ACT), which was involved in purchasing and distributing holiday toys

to inmates' children. During an investigation, correction officials discovered that petitioner and another inmate used ACT to purchase toys from a company that was owned by the other inmate's wife, thereby conferring a financial benefit on the inmate's family. They also discovered that $3,000 worth of toys purchased from this company, which were purportedly donated to a church, were never donated. As a result, petitioner was charged in a misbehavior report with making false statements and violating facility correspondence procedures, specifically Department of Correctional Services directive No. 4422, which prohibits an inmate from conducting a mail order business from a correctional facility (see 7 NYCRR 720.3 [k]). He was found guilty of these charges following a tier III disciplinary hearing. The determination was subsequently affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Initially, we find no merit to petitioner's claim that the misbehavior report was unduly vague as it contained sufficient details of the ongoing investigation to afford petitioner an opportunity to present a defense to the charges (see Matter of Jackson v Smith, 13 AD3d 685, 685 [2004], lv denied 4 NY3d 707 [2005]). Next, petitioner failed to preserve his claim of hearing officer bias by objecting at the hearing. Moreover, in any event, there is no indication that the determination flowed from any alleged bias (see Matter of Shicon v Goord, 27 AD3d 811, 812 [2006]).

Upon reviewing the record, we find that the misbehavior report, hearing testimony and documentation provide substantial evidence supporting the determination finding petitioner guilty of making false statements. The record establishes that at the time petitioner ordered the toys on behalf of ACT, he knew that the other inmate's wife owned the company supplying them, but he denied such knowledge when questioned by a correction sergeant (see Matter of Green v Goord, 26 AD3d 562, 563 [2006]). We further conclude that substantial evidence supports the charge that petitioner violated facility correspondence procedures by conducting a mail order business from the facility (see Department of Correctional Services directive No. 4422; 7 NYCRR 720.3 [k]). While petitioner's direct involvement in the mail order business was more minimal than that of his fellow inmate and that inmate's wife, petitioner was fully involved as an accessory to the other inmate, making him subject to the same punishment as a violator of the rule (see 7 NYCRR 270.3 [b]; Matter of Cruz v Selsky, 264 AD2d 884 [1999]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.