■ In the Matter of DAYQUAN JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [836 NYS2d 737]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in

Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in a misbehavior report with engaging in a sexual act and committing an unhygienic act. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The misbehavior report, related documentation and hearing testimony comprise substantial evidence in support of respondent's determination (*see Matter of Abdul-Khaliq v Goord*, 34 AD3d 872, 872 [2006]; *Matter of Powell v Goord*, 34 AD3d 876, 877 [2006]). The fact that petitioner's conduct was unwitnessed does not require annulment of the determination, as circumstantial evidence and reasonable inferences drawn therefrom formed a sufficient basis for the finding of guilt (*see Matter of Gourdine v Goord*, 18 AD3d 1045, 1045-1046 [2005]; *Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]). Moreover, contrary to petitioner's contentions, the substance found on the floor was properly identified through common observation (*see Matter of Williams v Ricks*, 285 AD2d 779, 779 [2001]), and there was no requirement that it be subjected to DNA testing (*see Matter of Jackson v Smith*, 6 AD3d 1016, 1017 [2004], *lv denied* 3 NY3d 667 [2004]).

To the extent preserved, petitioner's remaining claims have been considered and found to be without merit.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.