◾ In the Matter of ARTHUR WRIGHT, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [882 NYS2d 668]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner provided his parole officer with a letter purportedly written by his mother approving of him residing with her on her property. It was later determined that the letter was not written by petitioner's mother and, as a result, petitioner was charged in a misbehavior report with making a false statement and forgery. He was found guilty of these charges following a tier III disciplinary hearing and the determination was affirmed

on administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report, together with the testimony and documentary evidence presented at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Sowell v Selsky*, 43 AD3d 1226, 1226 [2007], *lv denied* 10 NY3d 703 [2008]; *Matter of Tarantola v Selsky*, 32 AD3d 1102, 1102 [2006]). Although the letter was apparently composed and signed by his sister-in-law, petitioner's admissions that he was aware that the signature was not his mother's and that he nevertheless sent the letters on to his parole officer are sufficient to sustain his guilt as an accomplice to the forgery (*see Matter of Moore v Goord*, 17 AD3d 816, 816 [2005]; *see also Matter of Powell v Goord*, 34 AD3d 876, 877 [2006]).

Petitioner's claim that he was denied the right to call his sister-in-law as a witness is also without merit inasmuch as "[t]he record reveals that the hearing officer made reasonable and substantial efforts to obtain that testimony by making numerous, unsuccessful attempts to contact the [sister-in-law] by telephone" (*Matter of Vizcaino v Selsky*, 26 AD3d 574, 575 [2006], *lv denied* 7 NY3d 708 [2006]). Petitioner's remaining contentions have not been preserved for our review. Therefore, the determination must be confirmed (*see Matter of James v Goord*, 38 AD3d 1074, 1074 [2007]).

Spain, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.