■ In the Matter of SCOTT SILVERSTEIN, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [886 NYS2d 509]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, correction officers recovered a number of items including, among other things, electronics equipment and cassette tapes—some of which had been altered and were identified as belonging to another inmate—cinnamon taken from the mess hall, a wooden ruler and a rubber glove containing a yellow liquid resembling urine. As a result, petitioner was charged in a misbehavior report with committing an unhygienic act, possessing contraband, stealing state property, altering state or personal property and possessing stolen property. He was found guilty of all of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the documentary evidence and testimony provided by correction of-

ficers familiar with the search, comprise substantial evidence supporting the determination of guilt (*see Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]; *Matter of Credle v Selsky*, 46 AD3d 989, 990 [2007]; *Matter of Johnson v Goord*, 40 AD3d 1335, 1336 [2007]). Although petitioner presented exculpatory reasons for possessing some of the items, denied possessing others and also denied that the liquid in the recovered glove was urine, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Jenkins v Selsky*, 51 AD3d 1239, 1240 [2008]; *Matter of Williams v Selsky*, 50 AD3d 1426, 1427 [2008], *lv denied* 11 NY3d 703 [2008]). Petitioner's remaining claims, including his assertion that the Hearing Officer was biased, have been considered and found to be unavailing.

Peters, J.P., Lahtinen, Kane, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.