■ In the Matter of ANTONIO BROWN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [888 NYS2d 682]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in a misbehavior report with violent conduct, assaulting staff and creating a disturbance following an incident during which he struck a correction officer during a pat frisk. Following a tier III disciplinary hearing, petitioner was found guilty on all charges. That determination was affirmed upon administrative review, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, along with the hearing testimony of the correction officers involved in the incident, provide substantial evidence of petitioner's guilt (see Matter of Gimenez v Artus, 63 AD3d 1461, 1462 [2009]; Matter of Jackson v McGinnis, 47 AD3d 1100, 1100-1101 [2008]). To the extent that petitioner claims that the misbehavior report was written in retaliation for past grievances that he filed against various correction officers, this raised an issue of credibility to be resolved by the Hearing Officer (see Matter of Muller v Fischer, 62 AD3d 1191, 1191 [2009]; Matter of Washington v Napoli, 61 AD3d 1243, 1243 [2009], lv denied 13 NY3d 704 [2009]). Finally, we are unpersuaded by petitioner's argument that he was improperly denied a photocopy of several logbook entries, inasmuch as the Hearing Officer provided a transcription of the

entries and petitioner has not demonstrated how he was prejudiced in the preparation of his defense (*see Matter of Bunting v Goord*, 25 AD3d 845, 846 [2006]; *Matter of Reed v Selsky*, 9 AD3d 710, 711 [2004], *lv denied* 3 NY3d 611 [2004]).

Mercure, J.P., Spain, Kane, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.