■ In the Matter of EDDIE GOMEZ et al., Petitioners, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [902 NYS2d 212]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review (1) a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules, and (2) determinations of respondents denying certain requests under the Freedom of Information Law.

Petitioner Eddie Gomez (hereinafter petitioner), a prison inmate, was observed reaching into his pants during a visit with his fiancée, petitioner Olga Padilla.* The visit was terminated and a search of Padilla revealed that she possessed pills that she

* Although Padilla's name appears in the caption of the petition and supplemental petition, she did not sign either pleading or file a brief in this Court. Therefore, she is not considered a party to this proceeding.

did not have upon entering the visiting room. As a result, petitioner was charged in a misbehavior report with smuggling, providing medication to another person and violating visiting procedures. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the penalty was reduced but the determination was otherwise upheld. At various times after the hearing, petitioner also filed requests pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking numerous documents and videotapes, many of which were denied. Petitioner's resulting administrative appeals were either denied or failed to elicit a response. Petitioner commenced this CPLR article 78 proceeding to challenge both the determination of his guilt and the denial of his FOIL requests.

We confirm the determination finding petitioner guilty of violating certain prison disciplinary rules. The misbehavior report, related documentary evidence and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Partee v Bezio, 67 AD3d 1224 [2009], lv denied 14 NY3d 702 [2010]; Matter of Brown v Fischer, 67 AD3d 1221 [2009]). The fact that Padilla testified at the hearing—contrary to the admission she previously made to investigators—that petitioner did not give her the pills presented a credibility issue to be resolved by the Hearing Officer (see Matter of Pellot v Fischer, 67 AD3d 1231 [2009]; Matter of Leigh v Fischer, 56 AD3d 1095 [2008]). Concerning petitioner's assertion that he was denied documentary evidence when the Hearing Officer refused the admission of letters written by Padilla, we find no error inasmuch as that evidence would have been redundant to testimony presented at the hearing (see Matter of Sierra v Dubray, 58 AD3d 970, 971 [2009]; Matter of Williams v Goord, 31 AD3d 1086, 1087 [2006]). We also find that meaningful judicial review was not precluded by the relatively minor gaps in the hearing transcript representing portions of the tape that were inaudible (see Matter of Cowart v Bezio, 67 AD3d 1152, 1152 [2009]; Matter of Hodge v Selsky, 53 AD3d 953, 954 [2008]).

With regard to petitioner's contention that a number of his FOIL requests were improperly denied, we note that there is a presumption that government documents are available for inspection, and the burden rests on the agency resisting disclosure to demonstrate that they are exempt under Public Officers Law § 87 (2) by articulating a specific and particularized justification (see Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440-441 [2005]; Matter of Humane Socy.

*of U.S. v Brennan*, 53 AD3d 909, 910-911 [2008], *lv denied* 11 NY3d 711 [2008]).

Turning to petitioner's specific requests, we first find that petitioner's request for any statements made by Padilla on June 14, 2008 during her interview with investigators was improperly denied. Statements by a witness must be disclosed absent a showing that he or she was a confidential informant or requested or was promised anonymity, or that his or her life or safety would be endangered by disclosure (*see Matter of John H. v Goord*, 27 AD3d 798, 800 [2006]; *Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1292 [2009]). No such showing was made here. Similarly, petitioner should be provided with a copy of the letter sent by Padilla on or about July 14, 2008, in which she appealed from the decision that suspended her rights of contact visitation with petitioner.

We next address petitioner's request for copies of memoranda allegedly written by correction officers Eastwood, Portalatin and Williams on June 14, 2008 in relation to the incident that engendered petitioner's misbehavior report. Contrary to respondents' assertion that the documents do not exist because they were not found in petitioner's file, the requested memoranda were specifically referenced in another document produced by respondents on August 26, 2008. Therefore, such memoranda should be provided to petitioner unless respondents certify to petitioner that a "diligent search" reveals that they cannot be located (Public Officers Law § 89 [3] [a]; *see Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d at 440-441; *Matter of De Fabritis v McMahon*, 301 AD2d 892, 893 [2003]). Likewise, we direct respondents to once again review petitioner's request for videotapes showing the entrances to B-block 7 and 8 on November 8, 2008 from 3:00 P.M. to 6:30 P.M. Although respondents denied the request, claiming the videotapes did not exist, the record reveals that facility personnel interviewed petitioner prior to the denial to ascertain why he was making such a request. Inasmuch as the applicant's status or purpose is irrelevant to the availability of records pursuant to FOIL (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 463 [2007]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 109 AD2d 92, 94 [1985], *affd* 67 NY2d 562 [1986]), we direct respondents to make a "diligent search" for the videotapes, inform petitioner of their status and take appropriate action.

Petitioner's request for all communications from him received by "the administration" between September 8, 2008 and September 19, 2008 was improperly denied for lack of specificity. Upon our review of the record, we find that the items were

"reasonably described" (Public Officers Law § 89 [3] [a]; *see Matter of Konigsberg v Coughlin*, 68 NY2d 245, 249 [1986]; *Matter of Stein v New York State Dept. of Transp.*, 25 AD3d 846, 848 [2006]; *Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs.*, 155 AD2d 106, 111-112 [1990]) and should be provided to petitioner.

Because the record before us is insufficient to enable us to determine whether Supreme Court permitted petitioner to file the supplemental petition in the record (*see* CPLR 402), which contains numerous other allegations regarding FOIL requests that petitioner asserts were not properly addressed by respondents, we are unable to ascertain whether petitioner exhausted his administrative remedies or, to the extent his requests were denied, whether a legitimate basis existed for doing so. Therefore, we remit this matter to Supreme Court for a determination of whether the supplemental petition should be permitted and, if so, for an in camera review of the requested items and a determination as to the merits of petitioner's claims (*see* CPLR 7804 [g]; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]; *Matter of Miller v New York State Dept. of Transp.*, 58 AD3d 981, 983-984 [2009], *lv denied* 12 NY3d 712 [2009]).

To the extent that the remaining FOIL requests were reasonably described and enumerated in the initial petition and are properly before us, we find that respondents either provided the requested items or sufficiently articulated a valid basis for denying the requests. The parties' remaining contentions have been examined and are without merit.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination finding petitioner guilty of violating certain prison disciplinary rules is confirmed, without costs, and petition dismissed to that extent. Adjudged that the determinations denying petitioner's Freedom of Information Law requests are modified, without costs, petition granted to the extent of directing respondents to release to petitioner all appropriate items consistent with this Court's decision, matter remitted for further proceedings not inconsistent with this Court's decision, and, as so modified, confirmed.