Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After receiving both a verbal warning and a memorandum instructing him not to use return address labels on outgoing mail, petitioner, a prison inmate, mailed eight letters with return address labels containing incorrect information. He thereafter was served with a misbehavior report charging him with refusing a direct order, violating facility correspondence rules and making false statements. During a tier III disciplinary hearing, petitioner pleaded guilty to the first two charges and was found guilty of making false statements at the conclusion of the hearing. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.
We confirm. Initially, we note that petitioner’s guilty plea to the charges of refusing a direct order and violating facility correspondence rules forecloses any challenge to the finding of guilt with respect to those charges (see Matter of Bosquet v Bezio, 69 AD3d 1257, 1258 [2010]; Matter of Green v Bradt, 69 AD3d 1269, 1270 [2010], lv denied 14 NY3d 710 [2010]). As for *734 the charge of making false statements, the misbehavior report, the copies of the letters and petitioner’s admissions during the hearing provide substantial evidence to support the determination of guilt (see Matter of Houston v Fischer, 69 AD3d 1086, 1086 [2010]; Matter of Wright v Bezio, 64 AD3d 1109, 1110 [2009]). Specifically, the address labels included a “suite’’ number for petitioner and identified him as “Esq.” and did not include the name of the facility or his prisoner identification number.
Petitioner’s remaining contentions are either unpreserved for review by this Court because of his failure to raise them at the disciplinary hearing (see Matter of Hawkins v Fischer, 72 AD3d 1378 [2010]) or are without merit.
Mercure, J.P., Peters, Spain, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.