■ In the Mater of BRADFORD APPLEGATE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [936 NYS2d 329]—

After petitioner's urine twice tested positive for opiates, he was served a misbehavior report charging him with drug use. Following a tier III disciplinary hearing, petitioner was found guilty of that charge and that determination was affirmed on administrative appeal. During the course of the administrative proceedings, petitioner filed several requests pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) seeking numerous documents, many of which were denied. When his administrative appeals of those denials were likewise unsuccessful, petitioner commenced this CPLR article 78 proceeding to challenge both the disciplinary determination and the denial of his FOIL requests.

Initially, the Attorney General has informed this Court that the disciplinary determination at issue has been administratively reversed and that all references thereto have been expunged from petitioner's institutional record. As such, petitioner has been afforded all of the relief to which he is entitled and his challenge to the disciplinary determination must be dismissed as moot (*see Matter of Walker v Fischer*, 84 AD3d 1659, 1659-1660 [2011]; *Matter of Ortiz v Bezio*, 84 AD3d 1605, 1605-1606 [2011]). To the extent that petitioner seeks restoration of the status he enjoyed prior to the disciplinary hearing, we note that inmates have no rights, either constitutional or statutory, to their prior housing or programmatic status (*see Matter of Valdez v Fischer*, 85 AD3d 1264 [2011]; *Matter of Rhodes v Smith*, 78 AD3d 1391 [2010]).

Turning to the denial of petitioner's FOIL requests, we note that agency records are presumptively available for public inspection and the burden rests on the agency seeking to prevent disclosure to demonstrate that the requested materials fall squarely within a FOIL exemption by articulating a particularized justification for denying access (*see Matter of Gomez v Fischer*, 74 AD3d 1399, 1400 [2010], *lv dismissed* 15 NY3d 858 [2010]; *Matter of John H. v Goord*, 27 AD3d 798, 799 [2006]). We find that respondent failed to meet this burden with respect to petitioner's request for training manuals and any other manufacturer's information regarding the cleaning, maintenance and testing procedures pertaining to the SYVA/Emit Viva Jr. urinalysis machine. Respondent's bare assertion that the materials may not be disclosed due to copyright concerns is insufficient to justify the blanket denial of access to all of this material under any recognized FOIL exemption (*see* Public Officers Law § 87 [2]). If duplication of a requested publication is prohibited by federal copyright law, respondent could have provided a copy for inspection or—as petitioner specifically requested—the manufacturer's address so that petitioner could purchase a copy directly. Respondent's alternate basis for denial—that disclosure may endanger the life or safety of a person (*see* Public Officers Law § 87 [2] [f]), is patently without merit. Similarly, we find that respondent failed to articulate a sufficient justification for denying petitioner's request for the tester's log book pages from June 25, 2010 and June 27, 2010, the record of all urine that was tested on those dates and the computerized results of all urinalysis tests performed on June 27, 2010 with the names and identification information of inmates redacted. As such, we find that petitioner was entitled to such disclosure pursuant to FOIL (*see Matter of Gomez v Fischer*, 74 AD3d at 1401; *Matter of Beyah v Goord*, 309 AD2d 1049, 1050-1052 [2003]).

We have considered petitioner's remaining claims and find them unpreserved or without merit.

Spain, J.P., Malone Jr., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the part of the petition challenging the determination finding petitioner guilty of violating a prison disciplinary rule is dismissed, as moot, without costs. Adjudged that the determination denying petitioner's Freedom of Information Law requests is modified, without costs, petition granted to the extent of directing respondent to release to petitioner all appropriate items consistent with this Court's decision, matter remitted to respondent for further proceedings not inconsistent with this Court's decision, and, as so modified, confirmed.