Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
While in the family picnic area, a correction officer observed petitioner exit the inmate bathroom and then observed petitioner’s wife exit the same bathroom a few minutes later. The officer noticed wet stains on the dress that petitioner’s wife was wearing. When the officer questioned petitioner about the incident, he replied, “You got me, I was getting some.” As a result of this incident, petitioner was charged in a misbehavior report with engaging in sexual acts and violating visiting procedures. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and the testimony of the correction officer present in the picnic area who prepared the report provide substantial evidence supporting the determination of guilt (see Matter of Sanchez v Selsky, 8 AD3d 846, 847 [2004]). Although the sexual act was not witnessed, the circumstantial evidence presented and the reasonable inferences to be drawn therefrom provide a sufficient basis for the finding of guilt (see Matter of Johnson v Goord, 40 AD3d 1335, 1336 [2007]; Matter of Chaney v Goord, 26 AD3d 605, 606 [2006]). The testimony of petitioner and his wife denying any sexual activity presented a credibility issue for the Hearing Officer to resolve (see Matter of Sanchez v Selsky, 8 AD3d at 847). Petitioner’s remaining contentions have either not been preserved for our review or are lacking in merit.
Peters, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.