Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules, and (2) a determination of the Department of Corrections and Community Supervision denying a request under the Freedom of Information Law.
Petitioner was charged in a misbehavior report with assaulting an inmate, violent conduct, possessing a weapon, being out of place, leaving an assigned area, having an unreported injury and violating lock-in procedures. The report relates that an inmate was observed on G-block with bleeding puncture wounds to his head and body. A responding correction officer observed petitioner performing porter duties on G-block — despite the fact that he was not assigned to porter duties or to be in that area— with blood on his shirt and in possession of a bloody towel. A subsequent search of petitioner revealed certain injuries and a weapon sheath in his pocket.
At the subsequent tier III disciplinary hearing, petitioner pleaded guilty to having an unreported injury, being out of place and leaving an assigned area. Thereafter, he was found guilty of those and the remaining charges and the determination was affirmed on administrative appeal. Petitioner also filed a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) with the Department of Corrections and Community Supervision (hereinafter DOCCS) for copies of DOCCS Directive Nos. 4004 and 4091, which was denied. This CPLR article 78 proceeding ensued, challenging both the determination of guilt and the denial of his FOIL request for a copy of DOCCS Directive No. 4004.*
Petitioner is precluded from challenging the determination of guilt regarding the charges to which he pleaded guilty (see Matter of Brown v Fischer, 73 AD3d 1362, 1363 [2010]). As for the remaining charges, the misbehavior report, documentary evi *1303 dence and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]; Matter of Williams v Fischer, 102 AD3d 1044, 1044 [2013]). Although the incident was not witnessed, the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt (see Matter of Howard v Fischer, 108 AD3d 950, 950 [2013]; Matter of Johnson v Goord, 40 AD3d 1335, 1336 [2007]).
Turning to petitioner’s procedural arguments, we reject his contention that he was improperly denied copies of certain go-around slips, as those documents no longer existed at the time he made the request (see Matter of Gomez v Fischer, 89 AD3d 1341, 1341-1342 [2011]). We also reject petitioner’s argument that the fact that he was not provided with a copy of the unusual incident report denied him the right to present relevant documentary evidence, as the report had not been completed at the time of the hearing. A preliminary report was read into the record and the final report does not contain any information exonerating petitioner (see Matter of Justice v Fischer, 67 AD3d 1286, 1286-1287 [2009], lv denied 14 NY3d 709 [2010]). Finally, the Hearing Officer did not err in allowing a correction officer to identify the stains on petitioner’s shirt and towel as blood through common observation, and petitioner did not have a right to have DNA tests conducted on those items (see Matter of Johnson v Goord, 40 AD3d at 1336; Matter of Jackson v Smith, 6 AD3d 1016, 1017 [2004], lv denied 3 NY3d 667 [2004]).
Contrary to respondent’s contention, petitioner’s challenge to the denial of his FOIL request is properly before us. Regarding such requests, “there is a presumption that government documents are available for inspection, and the burden rests on the agency resisting disclosure to demonstrate that they are exempt under Public Officers Law § 87 (2) by articulating a specific and particularized justification” (Matter of Gomez v Fischer, 74 AD3d 1399, 1400 [2010], lv dismissed 15 NY3d 858 [2010]; see Matter of Applegate v Fischer, 89 AD3d 1303, 1304 [2011]). Although the basis of the denial of petitioner’s request was that the disclosure may endanger the life or safety of a person (see Public Officers Law § 87 [2] [f]), we fail to see how the disclosure of DOCCS Directive No. 4004, which pertains to the specifications for creating unusual incident reports, poses a danger to lives or to anyone’s safety (see e.g. Matter of Bey ah v Goord, 309 AD2d 1049, 1052 [2003]). Accordingly, the directive must be disclosed.
Rose, J.P., McCarthy, Spain and Egan Jr., JJ., concur. Adjudged *1304 that the determination finding petitioner guilty of violating certain prison disciplinary rules is confirmed, without costs, and petition dismissed to that extent. Adjudged that the determination denying petitioner’s Freedom of Information Law request is modified, without costs, by directing the Department of Corrections and Community Supervision to release to petitioner Directive No. 4004; petition granted to that extent; and, as so modified, confirmed.

 Petitioner’s challenge on appeal to the denial of his FOIL request for DOCCS Directive No. 4091 is not properly before us, as he did not raise it in his petition (see Matter of Washington v Fischer, 85 AD3d 1484, 1485 [2011]).