### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 15, 2016                    522495
_____

In the Matter of KASHIF
    McDONALD,
                            Petitioner,

        v
                                                    MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                            Respondent.
_____

Calendar Date:   August 8, 2016

Before:   McCarthy, J.P., Rose, Devine, Clark and Mulvey, JJ.

_____

    Kashif McDonald, East Elmhurst, petitioner pro se.

    Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

    Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

    During a search of petitioner's cell, a correction officer found on the ground a honey bottle and a fingertip from a latex glove, both containing urine.  Petitioner was charged with possessing contraband, committing an unhygienic act and violating urinalysis procedures.  Following a tier III disciplinary hearing at which the urinalysis procedure charge was dismissed, petitioner was found guilty of the remaining charges, a determination that was upheld on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The documentary evidence and testimony of the correction officer who conducted the search and authored the misbehavior report, as well as the report itself, provide substantial evidence to support the determination of guilt (see Matter of Boykin v Prack, 137 AD3d 1393, 1394 [2016]).  The Hearing Officer was free to, and did, credit the testimony of the officer that the bottle and the glove fingertip were not authorized and that these items contained a liquid he identified as urine before disposing of them (see Matter of Williams v Ricks, 285 AD2d 779, 779 [2001]; Matter of Evans v Selsky, 278 AD2d 780, 781 [2000]; Matter of Jenkins v Coombe, 240 AD2d 825, 825 [1997]).  His request to call the officer who had served him with the misbehavior report and who was not present during the search was properly denied as irrelevant (see Matter of Jackson v Annucci, 121 AD3d 1483, 1483 [2014]; Matter of Davis v Annucci, 123 AD3d 1279, 1279 [2014]).  We have reviewed petitioner's remaining claims and, to the extent they are preserved for our review, determined that they also lack merit.

McCarthy, J.P., Rose, Devine, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court