Matter of Fernandez v Annucci (2018 NY Slip Op 03587)





Matter of Fernandez v Annucci


2018 NY Slip Op 03587


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525529

[*1]In the Matter of OSCAR FERNANDEZ, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: April 3, 2018

Before: Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ.


Oscar Fernandez, Auburn, petitioner pro se.
Barbara D. Underwood, Acting Attorney General, Albany (Victor Paladino of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Upon investigating a disturbance in a stairwell leading out of the facility's mess hall, petitioner was observed running down that stairwell away from the location where correction officers soon thereafter discovered another inmate bleeding and lying on the ground with a handmade shank-type weapon on the ground next to him. After the inmate provided a description of his attacker that matched petitioner, petitioner was charged in a misbehavior
report with assaulting another inmate, violent conduct, creating a disturbance and possessing a weapon. Following a tier III disciplinary rehearing,[FN1] petitioner was found guilty as charged. That determination was upheld upon administrative review. This CPLR article 78 proceeding ensued.
Initially, to the extent that petitioner's challenges relate to his July 2016 determination of guilt, that part of his petition is moot because the July 2016 determination was administratively reversed (see Matter of Boykin v Prack, 137 AD3d 1393, 1394 [2016]). With regard to the October 2016 determination, the misbehavior report, hearing testimony and documentary evidence provide substantial evidence to support the finding of guilt (see Matter of Davis v Annucci, 137 AD3d 1437, 1438 [2016]; Matter of Caraway v Goord, 34 AD2d 962, 963 [2006]). "Although the incident was not witnessed, the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt" (Matter of Flores v Fischer, 110 AD3d 1302, 1303 [2013] [citations omitted], lv denied 22 NY3d 861 [2014]; see Matter of Howard v Fischer, 108 AD3d 950, 950 [2013]; Matter of Gourdine v Goord, 18 AD3d 1045, 1045-1046 [2005]). Moreover, the contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Davis v Annucci, 137 AD3d at 1438; Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]).
Contrary to petitioner's contention, the misbehavior report was sufficiently specific and provided adequate information to afford petitioner an opportunity to discern his role in the incident and to prepare a meaningful defense (see 7 NYCRR 251-3.1 [c]; Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]; Matter of King v Annucci, 155 AD3d 1145, 1146 [2017]). We further find that petitioner was provided meaningful employee assistance, and he has not demonstrated that he was prejudiced by his assistant's alleged inadequacies. Except for the confidential inmate injury
report and unavailable video of the incident, petitioner was provided with certain documents that he had requested, including a redacted unusual incident report and to/from memoranda, and his employee assistant interviewed his requested witnesses to ascertain whether they would be willing to testify at the hearing (see 7 NYCRR 251-4.2; compare Matter of Rivera v Prack, 122 AD3d 1226, 1227 [2014]). Moreover, petitioner's allegation that his assistant failed to obtain statements from the requested inmate witnesses — all of whom either testified at the hearing or signed witness refusal forms (see Matter of Campos v Prack, 143 AD3d 1020, 1021-1022 [2016]) — prior to the hearing is of no consequence, as those witnesses were not present during the incident and had no firsthand knowledge of the incident (see Matter of Garcia v Annucci, 154 AD3d 1246, 1247-1248 [2017]; Matter of Gonzalez v Annucci, 149 AD3d 1455, 1456 [2017]; Matter of Perretti v Fischer, 58 AD3d 999, 1002 [2009], lv denied 12 NY3d 709 [2009]). We have considered petitioner's remaining contentions and find them to be either unpreserved for our review or lacking in merit.
Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The July 2016 determination following the first tier III hearing was reversed on administrative appeal, and this rehearing was conducted.