■ In the Matter of HASHEEN THOMPSON, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Discipline Program, Respondent. [734 NYS2d 348] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Executive Law § 995-c (3) requires certain felony offenders to "provide a sample appropriate for DNA testing to determine identification characteristics specific to such person and to be included in a state DNA identification index." Following petitioner's refusal to provide a sample for DNA testing, he was served with a misbehavior report charging him with refusing a direct order. Specifically, the report alleged that the author of the report gave petitioner a direct order to submit to DNA blood sampling and that petitioner refused to provide the sample. Following a tier III hearing, at which the misbehavior report was introduced into evidence and petitioner read a statement in his defense, petitioner was found guilty of the charge.

Contrary to petitioner's assertion, he was not disciplined based upon a "violation" of Executive Law § 995-c (3) but, rather, upon his refusal to comply with the prison disciplinary rule that requires inmates to obey all orders of facility personnel (*see*, 7 NYCRR 270.2 [B] [7] [i]). The detailed misbehavior report, coupled with petitioner's admitted refusal to submit to the testing procedures, constitute substantial evidence of petitioner's guilt. The Hearing Officer had no obligation to call the author of the report (*see*, *Matter of Barnes v Goord*, 279 AD2d 685), and petitioner's assertion that no direct order was in fact given presented a credibility issue for the Hearing Officer to resolve.

Petitioner's challenge to the validity of the relevant provisions of the Executive Law provides no defense for his refusal to obey the direct order given by the author of the misbehavior report, for he was not free to disobey the order regardless of whether it appeared to be unauthorized or to infringe upon his constitutional rights (*see*, *Matter of Ali v Senkowski*, 270 AD2d 542, 542-543, *lv dismissed* 95 NY2d 886). " 'Any holding to the

contrary would simply encourage inmates to break rules as a means of addressing their grievances and invite chaos' " (*Matter of Rivera v Smith*, 63 NY2d 501, 515-516, quoting *Matter of Shahid v Coughlin*, 83 AD2d 8, 12, *affd* 56 NY2d 987). We have considered petitioner's other arguments, including his claim of Hearing Officer bias, and find them insufficient to warrant further discussion.

Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.