█ In the Matter of RA'SHAUN MULLER, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [881 NYS2d 188]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a search of his cube disclosed a bent can lid underneath his locker, petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit possessing a weapon and possessing an altered item. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and a penalty was imposed. Petitioner's administrative appeal proved unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.

We confirm. The misbehavior report, together with the testimony of the authoring correction officer who conducted the search of petitioner's cube, and the physical evidence, constitute substantial evidence of petitioner's guilt (*see Matter of Kearney v Fischer*, 51 AD3d 1185 [2008]; *Matter of Abdullah v Selsky*, 45 AD3d 1072, 1073 [2007]). Although petitioner's access to his cube may not have been exclusive, "a reasonable inference of possession arises from the fact that the weapon was discovered . . . in an area within petitioner's control" (*Matter of Amadeo v Goord*, 49 AD3d 1121, 1122 [2008]; *see Matter of Parrilla v Selsky*, 32 AD3d 1086, 1087 [2006], *lv denied* 8 NY3d 803 [2007]). Petitioner's assertion that the item had been planted in his cube, as well as his claim that the misbehavior report was written in retaliation for a grievance he had filed, presented credibility issues for the Hearing Officer to resolve (*see Matter of Belot v Selsky*, 56 AD3d 911, 912 [2008]; *Matter of Wilson v Goord*, 47 AD3d 1102, 1103 [2008]). Finally, even assuming that confidential information did prompt the underlying search, the Hearing Officer was not required to assess the credibility of such information because "the misbehavior report and determination of guilt resulted from the discovery of the weapon and not from the confidential information" itself and the confidential

informant was not relied upon in considering petitioner's guilt (*Matter of Parilla*, 32 AD3d at 1087; *see Matter of Kearney v Fischer*, 51 AD3d at 1186).

Cardona, P.J., Spain, Rose, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.