Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in two misbehavior reports for incidents that occurred on December 8, 2011 at the correctional facility infirmary. One report related that petitioner kicked a correction officer in the head, spit at him and engaged *1286 in a struggle with the officer despite being directed to stop. In the report, petitioner was charged with violent conduct, assault on staff, committing an unhygienic act, refusing a direct order and interfering with an employee. The other report, prepared by a correction officer that arrived on the scene and relieved the officer who had been kicked in the head, related that petitioner refused further orders to stop struggling and spit on the officer and a facility nurse. As a result, petitioner was charged in that report with assault on staff, committing an unhygienic act and refusing a direct order. He was found guilty as charged in both reports after a tier III disciplinary hearing and this determination was upheld upon administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior reports, the hearing testimony of the authors of the reports and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Gonzalez v Fischer, 93 AD3d 1049, 1049 [2012], lv denied 19 NY3d 806 [2012]; Matter of Garcia v Bertone, 91 AD3d 1217, 1218 [2012]). Petitioner’s denial of the charges and claim that he was assaulted by correction officers and spit because he was choking presented credibility issues for the Hearing Officer to resolve (see Matter of Moreno v Fischer, 100 AD3d 1167, 1167 [2012]; Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [2012]).
Turning to petitioner’s procedural contentions, we reject his claim that he was improperly removed from the disciplinary hearing, as the record reflects that, despite warnings from the Hearing Officer, he was continually disruptive and uncooperative (see Matter of Steward v Fischer, 95 AD3d 1523, 1524 [2012]; Matter of Odom v Fischer, 65 AD3d 1425, 1426 [2009]). Further, petitioner was not improperly denied the right to call as a witness a facility nurse who had examined him after the incident. Inasmuch as the nurse did not witness the incident and had documented petitioner’s injuries in a use of force report that was admitted into evidence, her testimony would have been irrelevant and redundant (see Matter of Valerio v New York State Dept. of Correctional Servs., 67 AD3d 1228, 1228 [2009]; Matter of Morris v Goord, 50 AD3d 1327, 1327 [2008]). Finally, petitioner was not denied the right to present documentary evidence in the form of a videotape recording of the area outside of the infirmary, as the record reveals that no such videotape was available (see Matter of Barclay v Knowles, 79 AD3d 1550, 1550-1551 [2010]). Petitioner’s remaining claims have been examined and found to be without merit.
Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.