*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 23, 2015                    519548
_____

In the Matter of WILLIAM LANE,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   February 24, 2015

Before:   Lahtinen, J.P., McCarthy, Devine and Clark, JJ.

_____

        William Lane, Gowanda, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review, among other things, a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner approached the desk of a correction officer, demanded that the officer turn on the showers and then struck the officer in the face with a closed fist. Petitioner was thereafter charged in a misbehavior report with assaulting staff, refusing a direct order, violent conduct and creating a disturbance. Following a tier III disciplinary hearing, he was found guilty as charged. The determination was affirmed upon administrative appeal with a modified penalty, and this CPLR

article 78 proceeding ensued.[1]

        We confirm.  The detailed misbehavior report, unusual incident report, use of force report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Hyatt v Fischer, 118 AD3d 1192, 1192 [2014]; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]). Petitioner's claim of inconsistencies in the evidence created credibility issues for the Hearing Officer to resolve (see Matter of Hyatt v Fischer, 118 AD3d at 1192; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]).  Moreover, contrary to petitioner's assertion, the record confirms that he received adequate employee assistance (see Matter of Castillo v Fischer, 120 AD3d 1493, 1493 [2014]) and, to the extent that he received redacted documents, the Hearing Officer explained to petitioner that such documents were confidential (see Matter of Martin v Fischer, 109 AD3d 1026, 1027 [2013]).

        Finally, petitioner's remaining claims, to the extent that they are preserved, have been considered and found to be lacking in merit.

        Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.

_____

        [1]  We note that, while petitioner asserts that his Freedom of Information Law request for certain log book entries was improperly denied, respondent has informed this Court that such entries have now been provided to petitioner, thus rendering petitioner's assertion moot (see Matter of Watson v New York State Dept. of Corr. & Community Supervision, 108 AD3d 817, 818 n [2013], lv dismissed 22 NY3d 914 [2013], lv denied 23 NY3d 902 [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court