# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 25, 2015                    520062
_____

In the Matter of SAMUEL WEEKES,
                    Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Program,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Peters, P.J., Lahtinen, Lynch and Devine, JJ.

_____

        Samuel Weekes, Marcy, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with committing an unhygienic act after a search of his cell allegedly uncovered the fingertip of a latex glove filled with urine. Following a tier III disciplinary hearing, petitioner was found guilty and that determination was affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

        The misbehavior report and testimony from the correction officer that petitioner, in fact, admitted that the liquid was

urine provides substantial evidence to support the determination of guilt (see Matter of Haughey v Artus, 108 AD3d 956, 956 [2013]; Matter of Dushane v Fischer, 102 AD3d 1043, 1043 [2013]). Although petitioner testified that the substance was water and denied that he made any incriminating admission to the correction officer, this created a credibility issue for the Hearing Officer to resolve (see Matter of Silverstein v Bezio, 65 AD3d 1424, 1425 [2009]).  To the extent that petitioner asserts that there was a violation of Department of Corrections and Community Supervision Directive No. 4910A (VII) (c) because the substance was improperly destroyed before the conclusion of the hearing, petitioner has failed to preserve this issue for this Court's review by not raising it at the hearing or on administrative appeal (see Matter of Cayenne v Goord, 16 AD3d 782, 783 [2005]). Were we to consider such issue, we would find petitioner's reliance on Matter of Clark v Fischer (114 AD3d 1116 [2014]) to be misplaced, as the correction officer here testified that petitioner admitted that the liquid was urine.

Peters, P.J., Lahtinen, Lynch and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:


Robert D. Mayberger
Clerk of the Court