*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016                521092
_____

In the Matter of KENNY CAMPOS,
                    Petitioner,

          v                               MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____


Calendar Date:   September 15, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____


          Kenny Campos, Pine City, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Kathy M.
Arnold of counsel), for respondent.

                    _____


Peters, P.J.

          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

          Petitioner was charged in a misbehavior report with violent
conduct, creating a disturbance, assaulting staff, engaging in an
unhygienic act and interfering with an employee.  According to
the misbehavior report, petitioner, while being escorted by two
correction officers, suddenly turned and spit in a correction
officer's face and punched him in the chest.  Petitioner then
disregarded orders to stop his aggressive behavior, resulting in

the correction officers' use of force to control petitioner and place him in mechanical restraints. Following a disciplinary hearing, petitioner was found guilty of all charges, and that determination was affirmed upon administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, documentary evidence and testimony from numerous witnesses, including those involved in the incident, provide substantial evidence to support the determination of guilt (see Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]; Matter of Martin v Fischer, 98 AD3d 774, 774 [2012]). Any alleged inconsistencies in the evidence and testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Lane v Annucci, 127 AD3d 1492, 1493 [2015]; Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY2d 904 [2015]), and, contrary to petitioner's contention, the fact that the Hearing Officer resolved credibility issues against him is not indicative of bias (see Matter of Canzater-Smith v Selsky, 28 AD3d 899, 900 [2006]).

Turning to petitioner's procedural claims, we are unpersuaded by his contention that the Hearing Officer was required to personally interview the four inmate witnesses who refused to testify. The record establishes that, in addition to the fact that none of those witnesses previously agreed to testify, three of the witnesses executed a witness refusal form indicating their reasons for not testifying and, particularly with regard to the inmate who did not execute a refusal form, the Hearing Officer made sufficient inquiry, on the record, of the correction officers who spoke with those witnesses regarding the refusal to testify (see Matter of Vansteenburg v State of N.Y. Dept. of Corrs. & Community Supervision, 128 AD3d 1295, 1296 [2015]). We have reviewed petitioner's remaining contentions, including his claims that he was improperly denied evidence and that the Hearing Officer was biased, and, to the extent that they are properly before us, find them to be without merit.

Egan Jr., Lynch, Rose and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court