[68 NE3d 1221, 46 NYS3d 491]

In the Matter of JEVON HENRY, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent.

Argued November 14, 2016; decided December 15, 2016

**APPEARANCES OF COUNSEL**

*Main Street Legal Services, Inc.*, Long Island City (*Donna H. Lee* of counsel), and *Cleary Gottlieb Steen & Hamilton LLP*, New York City (*David H. Herrington, Izukanne Emeagwali, Jessica Thompson* and *Bibeane Metsch* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Marcus J. Mastracco, Barbara D. Underwood, Andrea Oser* and *Peter H. Schiff* of counsel), for respondent.

*Karen Murtagh, Prisoners' Legal Services of New York*, Albany (*James Bogin* of counsel), for Prisoners' Legal Services of New York, amicus curiae.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, without costs, and the matter remitted to the Supreme Court for further proceedings in accordance with this memorandum.

During his prison disciplinary proceeding, inmate Jevon Henry requested specific documents and witnesses, and the Hearing Officer denied some of those requests. Following a hearing, Henry was found guilty and a penalty was imposed of two years in a special housing unit. In a CPLR article 78 proceeding in which Henry sought judicial review of the denial of his requests for documents and witnesses, Supreme Court dismissed the petition on the ground that Henry had not preserved his claim that his requests had been improperly denied. The Appellate Division affirmed (120 AD3d 868 [3d Dept 2014]). We granted petitioner leave to appeal and now reverse, holding that Henry did preserve his claim.

Henry, an inmate at the Greene Correctional Facility in the custody of the Department of Corrections and Community Supervision, was charged with participating in a gang-related assault of another inmate. A tier III disciplinary hearing was held before a Commissioner's Hearing Officer. At the outset, the Hearing Officer advised Henry that he was entitled to call witnesses on his behalf and to present documentary evidence. The Hearing Officer also instructed Henry to promptly raise any procedural objections or claims so that they might be addressed during the hearing. Henry indicated that he understood his rights as explained to him and pleaded not guilty to all charges. Henry requested that he be provided with any "to/from" report and logbook entries relevant to the incident, as

well as the unusual incident report. Henry also requested testimony from two correction officers and several inmate witnesses.

At the hearing, an offender rehabilitation coordinator testified that confidential sources informed him that Henry had assaulted another inmate on April 22, 2012 with a sharp metal-type weapon. He further testified that his investigation led him to believe that the assault was gang-related and retaliatory. Prior to the presentation of his defense, Henry complained that he had not yet received the documents he had requested. The Hearing Officer denied Henry's requests for documents, on the basis that the unusual incident report did not name Henry, the "to/from" report was confidential, and the logbook had no description of the incident.

Three of the inmates requested by Henry testified on his behalf. One of the correction officers requested by Henry testified that he was vaguely familiar with the subject incident and that he had nothing of significance to recount. In response to Henry's questions, the correction officer testified that he did not know whether Henry was involved in the alleged assault. The Hearing Officer denied Henry's request to call the second correction officer on the ground that the testimony would be cumulative. Regarding one of the inmates Henry had requested, the Hearing Officer told Henry that the inmate refused to testify. Twice during the hearing, Henry stated that he was not involved in the alleged attack and that he objected "to the whole hearing."

Following the hearing, the Hearing Officer found Henry guilty and imposed two years in the special housing unit with attendant loss of privileges and good time. Henry filed an administrative appeal, arguing that he was denied requested documents, and that the Hearing Officer never provided an explanation for one inmate's refusal to testify. Following administrative affirmance of the disposition, Henry commenced a CPLR article 78 proceeding to challenge the determination. In lieu of an answer, respondent moved to dismiss the proceeding on the ground that Henry had failed to preserve the issues he sought to raise by proper objection at the hearing.

Supreme Court granted respondent's motion to dismiss, denied the petition, and dismissed the proceeding, holding that, because Henry had failed to object at the hearing to the denial of his requests for documents and witnesses, none of the issues were preserved for review. Henry appealed and the Ap-

pellate Division affirmed (120 AD3d 868 [3d Dept 2014]), holding that Henry's claims were unpreserved "due to his failure to specifically object at the hearing" (*id.* at 869).

An inmate charged with violating a prison regulation is entitled to due process protections which include a right "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals" (*Wolff v McDonnell*, 418 US 539, 566 [1974]; *Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146 [1990]). Contrary to the conclusion of the Appellate Division, Henry cannot be deemed to have waived his challenges simply because he failed to make specific objections at the hearing.*

In sum, the record shows that Henry plainly requested access to specific documents and witnesses, and the Hearing Officer denied some of those requests. In light of the denial of Henry's requests, the courts below erred in determining that Henry's failure to specifically object to the Hearing Officer's unfavorable rulings constituted a failure to preserve those rulings for judicial review.

Chief Judge DiFIORE and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur.

Order reversed, without costs, and matter remitted to Supreme Court, Albany County, for further proceedings in accordance with the memorandum herein.

[69 NE3d 622, 46 NYS3d 835]

---

* Respondent also argues that Henry failed to exhaust his administrative remedies. That was not the basis for the motion to dismiss and it is not reviewable on this appeal.