## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   February 2, 2017                523229
_____

In the Matter of LOUIS GOMEZ,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:   November 29, 2016

Before:   McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ.

_____

          Louis Gomez, Cape Vincent, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Jeffrey W. Lang of counsel), for respondents.

_____

          Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

          Following a search of petitioner's cube, a correction officer found a weapon on the inside of the door to petitioner's locker that was secured to the metal ledge with a magnet.  The weapon consisted of eight sharpened metal wires taped to the barrel of a pen.  Following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon, and that determination was affirmed upon administrative appeal with a modified penalty.  This CPLR article 78 proceeding ensued.

     We confirm.  The misbehavior report, photograph of the weapon and memoranda from two correction officers provide substantial evidence of petitioner's guilt (see Matter of Gano v Venettozzi, 142 AD3d 1240, 1240 [2016]).  Petitioner's denial of any knowledge about the weapon presented a credibility issue for the Hearing Officer to resolve (see Matter of Bartello v Annucci, 142 AD3d 1194, 1194 [2016]).  Petitioner admitted that his locker was locked most of the time, except when he was nearby in the dorm, and, contrary to his claim, "a reasonable inference of possession arises by virtue of [his] control over the area where the weapon was found notwithstanding the fact that it may not have been exclusive" (Matter of Morales v Fischer, 119 AD3d 1298, 1299 [2014]; compare Matter of Ganz v Selsky, 34 AD3d 879, 880 [2006]).  The Hearing Officer's determination of guilt was not based upon any confidential information and, thus, did not require an assessment of the credibility of the information that prompted the search (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337 [2016]; Matter of Muller v Fischer, 62 AD3d 1191, 1191-1192 [2009]).

     Petitioner's claim that he was denied the right to call a certain correction officer as a witness is not properly before us.  Upon appeal, petitioner has offered an entirely separate and novel basis for calling this witness and abandoned the basis that he articulated at the time of the hearing.  Although inmates are not required to specifically object at the hearing in order to preserve issues relative to the denial of requested witness testimony (see Matter of Henry v Fischer, ___ NY3d ___, 2016 NY Slip Op 08395 [2016]), we cannot now address an entirely novel theory that was in no manner raised or presented at the hearing.  Petitioner's remaining claims are either unpreserved or lack merit, and petition dismissed.

     McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court