◼ In the Matter of ALEXANDER PASLEY, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [48 NYS3d 633]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

During a routine search of petitioner's cell, a correction officer found four purple pills in a cup on a desk and three blue pills wrapped in plastic hidden in a robe. Although the officer took the pills to the medical unit, the nurses could not identify them. He then had the pills tested for drugs and all tests that were administered came back negative. The officer and a sergeant proceeded to interview petitioner and he disclosed that the pills were a form of Viagra and that he bought them from another inmate. As a result, petitioner was charged in a misbehavior report with smuggling, possessing unauthorized medication and engaging in an unauthorized exchange. He was found guilty of the latter two charges at the conclusion of a tier III disciplinary hearing, and the determination was subsequently affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer and sergeant who interviewed petitioner and obtained his admission, provide substantial evidence supporting the determination of guilt (*see Matter of Weekes v Prack*, 129 AD3d 1430, 1431 [2015]; *see also Matter of Medina v Prack*, 144 AD3d 1273, 1274 [2016]). Although petitioner denied ever admitting that the pills recovered were Viagra, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Medina v Prack*, 144 AD3d at 1274; *Matter of Weekes v Prack*, 129 AD3d at 1431). Furthermore, we find no merit to petitioner's claim that he was improperly denied a copy of the chain of custody form inasmuch as no such form existed (*see Matter of Mendez v Annucci*, 126 AD3d 1216, 1217 [2015]; *Matter of Green v Fischer*, 112 AD3d 1019, 1019 [2013], *lv denied* 24 NY3d 913 [2015]). Petitioner's remaining contentions have not been preserved for our review.

Peters, P.J., McCarthy, Devine, Clark and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.