Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
An investigation revealed that petitioner, a prison inmate, had demanded payment from other inmates who wanted to use the facility’s phone and threatened those who refused. Petitioner was accordingly charged in a misbehavior report with engaging in violent conduct, making threats and extortion. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. That determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony, including the testimony from the sergeant who conducted the investigation and authored the misbehavior report, and the confidential testimony considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Al-Matin v Prack, 131 AD3d 1293, 1293 [2015], lv denied 26 NY3d 913 [2015]; Matter of Hayward v Fischer, 101 AD3d 1308, 1309 [2012]). Any conflicts between that proof and the testimony of petitioner and several other inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Ortiz v Prack, 134 AD3d 1336, 1337 [2015]; Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]).
Turning to petitioner’s procedural contentions, we find that the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges so as to enable him to prepare a defense (see 7 NYCRR 251-3.1 [c] [1], [4]; Matter of Austin v Annucci, 145 AD3d 1263, 1264 [2016]; Matter of Bailey v Annucci, 142 AD3d 1195, 1196 [2016]). To the extent that petitioner identified three “potential” inmate witnesses prior to the hearing and avers that neither the employee assistant nor the Hearing Officer obtained the reasons for why they refused to testify (see generally 7 NYCRR 251-4.2; Matter of Rivera v *1386 Prack, 122 AD3d 1226, 1227 [2014]), petitioner neither requested at the hearing that these witnesses testify nor demanded further inquiry into their absence (see Matter of Gomez v New York State Dept. of Corr. & Community Supervision, 147 AD3d 1140, 1141 [2017]; Matter of Torres v Annucci, 144 AD3d 1289, 1289 [2016] ; cf. Matter of Henry v Fischer, 28 NY3d 1135, 1138 [2016]). We have considered petitioner’s remaining contentions and find them to be unavailing.
Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.