■ In the Matter of THOMAS WILLIAMS, Petitioner, v MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, Respondent. [56 NYS3d 916]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with disobeying a direct order, harassment and creating a disturbance as a result of an incident in the mess hall. Following a tier II disciplinary hearing, petitioner was found guilty of creating a disturbance and not guilty of the remaining charges. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. In the detailed misbehavior report, the head cook reported that he gave petitioner instructions on how to properly serve food and, when petitioner continued to make inappropriate comments, he ordered petitioner off the serving line. Petitioner became "loud and argumentative" while being escorted to the office, in front of the line workers and inmates who were eating. Even if petitioner was uncertain how to properly serve the food, as he claimed, his disruptive conduct when he was ordered to leave the serving line substantiated the charge of creating a disturbance (see 7 NYCRR 270.2 [B] [5] [iv]). The misbehavior report documenting this conduct, by itself, provided substantial evidence to support the charge (see Matter of Simmons v LaValley, 130 AD3d 1126, 1127 [2015]; Matter of Crenshaw v Fischer, 87 AD3d 1189, 1190 [2011]). Petitioner did not request that the author of the report be called as a witness, and the Hearing Officer was not obligated to call him (see Matter of Thompson v Selsky, 289 AD2d 809, 809 [2001]). Petitioner's denial that he became argumentative and loud created a credibility issue for the Hearing Officer to resolve (see Matter of Simpson v Rodriguez, 149 AD3d 1448, 1449 [2017]). Contrary to petitioner's claim, the record reflects that his testimony was considered by the Hearing Officer, and the fact that it was not credited is not indicative of bias (see Matter of Campos v Prack, 143 AD3d 1020, 1021 [2016]). Petitioner's remaining claims have been considered and determined to lack merit.

Garry, J.P., Egan Jr., Devine, Clark and Rumsey, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.