■ In the Matter of BRIAN BOITSCHENKO, Petitioner, v AN-THONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [65 NYS3d 488]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Mohawk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while incarcerated at the Willard Drug Treatment Center, was charged in a misbehavior report with violating the prison disciplinary rules prohibiting smuggling and possessing contraband. According to the misbehavior report, several inmates informed a counselor at the facility that petitioner was bringing certain medications back to his cube and either selling those medications to other inmates or crushing the pills and snorting them to get high. When a correction sergeant questioned petitioner about these allegations, petitioner denied selling the medications but admitted that he "cheeked" his pills from time to time so that he could snort them and get high at a later date. Following a tier II disciplinary determination, petitioner was found guilty as charged and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report—standing alone—provides substantial evidence to support the determination (see Matter of Ortega v Annucci, 122 AD3d 1051, 1051 [2014]; Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]). Petitioner's denial that he made an admission to the correction sergeant who authored the misbehavior report presented a credibility determination for the Hearing Officer to resolve (see Matter of Freeman v Annucci, 151 AD3d 1509, 1510 [2017]; Matter of Pasley v Venettozzi, 148 AD3d 1380, 1381 [2017]), as did petitioner's assertion that the misbehavior report was written in retaliation for a complaint that he had filed against facility personnel (see Matter of Gaston v Annucci, 148 AD3d 1447, 1447 [2017]). Finally, although petitioner faults the Hearing Officer for failing to assess the credibility of the confidential informants who disclosed petitioner's misdeeds in the first instance, the record makes clear that the Hearing Officer based the finding of guilt solely upon the misbehavior report. Accordingly, as the determination was not based upon the confidential information provided, the Hearing Officer was under no obligation to assess

the credibility thereof (*see Matter of Gomez v New York State Dept. of Corr. & Community Supervision*, 147 AD3d 1140, 1141 [2017]).

Peters, P.J., Lynch, Devine, Mulvey and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.