Matter of Ayuso v Venettozzi (2018 NY Slip Op 01691)





Matter of Ayuso v Venettozzi


2018 NY Slip Op 01691


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525182

[*1]In the Matter of MARCUS AYUSO, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: January 23, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Marcus Ayuso, Auburn, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
An incident occurred in the prison housing unit in which petitioner went to a gallery other than the one to which he was assigned and repeatedly tried to persuade a correction officer to give him a job where she worked, ignoring her directives to return to his assigned gallery. He was thereafter charged in a misbehavior report with harassment, refusing a direct order, being out of place, stalking and interference with an employee. Following a tier III disciplinary hearing, petitioner was found
guilty as charged. On administrative appeal, the determination was modified by dismissing the charges of stalking and interference and reducing the penalty, and was otherwise affirmed. Petitioner commenced this CPLR article 78 proceeding challenging the determination.
We confirm. The testimony of the correction officer who authored the misbehavior report and the related documentary evidence provided substantial evidence supporting the determination of guilt (see Matter of Campos v Prack, 143 AD3d 1020, 1021 [2016]). Contrary to his claims, the correction officer testified consistently that she did not receive petitioner's grievance against her until a week after she wrote the misbehavior report and, moreover, she [*2]denied that she wrote such report in retaliation for that grievance, all matters of credibility for the Hearing Officer to resolve (see Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]; Matter of Campos v Prack, 143 AD3d at 1021).
Petitioner argues that he was deprived of his right to call witnesses. While petitioner asked his employee assistant to interview two inmates as potential witnesses, the record reflects that they refused. Petitioner did not request that the inmates be called either in his witness request form or at the hearing, where he conceded that they had refused, raised no objections and did not request further inquiry; thus, this claim is unpreserved (see Matter of Wilson v Annucci, 148 AD3d 1281, 1282 [2017]; Matter of Harris v Annucci, 148 AD3d 1385, 1385-1386 [2017]; cf. Matter of Henry v Fischer, 28 NY3d 1135, 1138 [2016]). His claims regarding the delay in conducting the hearing lack merit, as a two-day extension was timely requested and granted due to the unavailability of his employee assistant, and the hearing commenced at that time (see 7 NYCRR 251-5.1 [a]). In any event, the "time requirements . . . are directory, not mandatory, and an inmate must demonstrate prejudice as a result of any delay prior to the commencement of such a hearing" (Miller v State of New York, 156 AD3d 1067, 1067 [2017] [internal quotation marks and citation omitted]). Petitioner made no such showing. Furthermore, upon reviewing the record, we find no support for the contention that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Mendez v Annucci, 155 AD3d 1146, 1147 [2017]). We have examined petitioner's remaining claims and, to the extent that they are preserved, we find that they are lacking in merit.
Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.