Matter of Rivera v Annucci (2018 NY Slip Op 02705)





Matter of Rivera v Annucci


2018 NY Slip Op 02705


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525517

[*1]In the Matter of NOEL RIVERA, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Noel Rivera, Comstock, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following a fight in the prison yard among several inmates that was recorded on surveillance video, petitioner was charged in a misbehavior report with fighting, creating a disturbance and assault. The correction officer who authored the report observed petitioner making a slashing motion at another inmate's face that resulted in a four-inch laceration, after which petitioner fled. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. The determination was upheld on administrative appeal with a reduced penalty, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony, documentary evidence, documents submitted for in camera review and video footage of the prison yard provide substantial evidence to support the determination (see Matter of King v Annucci, 155 AD3d 1145, 1145 [2017]; Matter of McClain v Venettozzi, 146 AD3d 1264, 1265 [2017]). The Hearing Officer was free to rely on the report without calling its author as a witness, and petitioner did not request that the author be called to testify (see Matter of Williams v Kirkpatrick, 153 AD3d 996, 996 [2017]; see also Matter of Boitschenko v Annucci, 156 AD3d 1066, 1066 [2017]). The testimony of petitioner and his inmate witness that petitioner was not involved in the incident and had been mistakenly identified created a credibility issue for the Hearing Officer to resolve (see Matter of Boitschenko v Annucci, 156 AD3d at 1066; Matter of [*2]Williams v Kirkpatrick, 153 AD3d at 996). Contrary to petitioner's claim, the misbehavior report afforded him adequate notice of the charges against him and an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c] [1], [4]; Matter of Caraway v Annucci, 144 AD3d 1296, 1297 [2016], lv denied 29 NY3d 903 [2017]). We have considered petitioner's remaining claims and, to the extent that they are preserved for our review, we find that they are without merit.
McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.