Young v Rodriguez (2018 NY Slip Op 06610)





Young v Rodriguez


2018 NY Slip Op 06610


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

526452

[*1]In the Matter of JEFFREY YOUNG, Petitioner,
v
A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Jeffrey Young, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After a pat frisk detected an unknown object in petitioner's front right pocket, a correction officer conducted a strip search, which led to the discovery in petitioner's trousers of three orange paper strips, a green leafy substance wrapped in rolling paper and a white scalpel-type weapon using plastic and cardboard as a handle and sheathe. Subsequent drug testing identified the orange strips as buprenorphine and the green leafy substance as marihuana. As a result, petitioner was charged in a misbehavior report with possessing drugs and possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive NARK II test results and related documentation (see generally 7 NYCRR 1010.8 [d]), together with the hearing testimony and photographic evidence, provide substantial evidence to support the determination of guilt (see Matter of Ortiz v Venettozzi, 158 AD3d 865, 865 [2018]; Matter of Collins v Annucci, 146 AD3d 1261, 1261 [2017]; Matter of Bartello v Annucci, 142 AD3d 1194, 1194 [2016]). Contrary to petitioner's contention, the Hearing Officer was not obligated to independently assess the credibility of the confidential information that prompted the pat frisk. The determination of guilt was based upon the actual discovery of the drugs and weapon, and, therefore, the veracity of the confidential information was irrelevant (see Matter of Ortiz v Annucci, 160 AD3d 1192, 1193 [2018]; Matter of Maisonet v Annucci, 159 AD3d 1172, 1172 [2018]). To the extent that [*2]petitioner contends that there was a violation of Department of Corrections and Community Supervision Directive No. 4910A (III) (F) (3) because the reason for finding probable cause was not recorded on the appropriate form, petitioner failed to preserve this issue for our review by not raising it at the hearing (see Matter of Weekes v Prack, 129 AD3d 1430, 1431 [2015]; Matter of Cayenne v Goord, 16 AD3d 782, 783 [2005]).
Furthermore, we reject petitioner's contention that he was improperly denied access at the hearing to the physical evidence in question. In addition to the misbehavior report, related documentation and testimony adduced at the hearing explaining the weapon and drugs in detail, it was sufficient that photographs of the drugs and weapon were produced at the hearing (see Matter of Bunting v Goord, 25 AD3d 845, 846 [2006]; Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility, 304 AD2d 879, 879 [2003]). Finally, petitioner's claim that he was improperly denied certain witnesses is unpreserved for our review, given that, when asked by the Hearing Officer, petitioner expressly declined to request certain inmate witnesses and withdrew his request to call another inmate witness to testify (see Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1209 [2018]). We have examined petitioner's remaining claims and, to the extent that they are preserved, we find that they are lacking in merit.
McCarthy, J.P., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.