Matter of Ballard v Annucci (2019 NY Slip Op 00646)





Matter of Ballard v Annucci


2019 NY Slip Op 00646


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

525782

[*1]In the Matter of DARNELL BALLARD, Petitioner,
v
ANTHONY J. ANNUCCI, Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 8, 2018

Before: Clark, J.P., Devine, Aarons and Rumsey, JJ.


Darnell Ballard, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Motion for reargument or, in the alternative, for permission to appeal to the Court of Appeals.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the motion for reargument is granted, without costs, the memorandum and judgment decided and entered June 21, 2018 is vacated, and the attached memorandum and judgment is substituted therefor. It is further
ORDERED that the motion for permission to appeal to the Court of Appeals is denied, without costs.
Clark, J.P., Devine, Aarons and Rumsey, JJ., concur.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a frisk search of petitioner's shared cube, a correction officer found a jar of urine, a container of bleach, 12 unidentified pills not in a container, five latex gloves and a box of service gloves. Petitioner was thereafter charged in a misbehavior report with possessing an altered item, smuggling, possessing contraband, possessing unauthorized medication, an unhygienic act, unauthorized exchange, possessing property in an unauthorized area and stealing or misusing state property. Following a tier III disciplinary hearing, he was found guilty of the charges and a penalty was imposed. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, the misbehavior report and testimony of petitioner admitting that the items were found in his cube provided substantial evidence to support the determination (see Matter of Washington v Annucci, 160 AD3d 1313, 1313 [2018]; Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]). Petitioner did not request that the officer who searched his cell and authored the report be called as a witness, and the Hearing Officer was under no obligation to secure his testimony (see Matter of Williams v Kirkpatrick, 153 AD3d 996, 996 [2017]). Petitioner's various explanations for the presence of the items in his cube at most created a credibility issue for the Hearing Officer to resolve (see Matter of Rivera v Annucci, 160 AD3d 1273, 1273 [2018]).
Petitioner further argues that he was deprived of the opportunity to call a witness because the Hearing Officer made no inquiry into the reasons that his requested inmate witness reportedly refused to testify. The record reflects that, prior to the hearing, petitioner asked his employee assistant to interview a named inmate as a potential witness (see 7 NYCRR 251-4.2), and a check mark on the assistant form indicated that the witness did not agree to testify but no reason was specified. The record does not contain a signed witness refusal form and, at the hearing, when the Hearing Officer advised petitioner that the inmate "did not agree to testify," petitioner replied "okay." As petitioner failed to thereafter object or demand further inquiry into the basis for the inmate's refusal to testify, petitioner's claim that he was unlawfully denied his right to call witnesses is unpreserved for our review (see Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1209 [2018]; Matter of Harris v Annucci, 148 AD3d 1385, 1385-1386 [2017]; cf. Matter of Henry v Fischer, 28 NY3d 1135, 1137-1138 [2016]).
Petitioner's remaining contentions have been reviewed and found to be without merit.
Clark, J.P., Devine, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.