Matter of Dowling v Venettozzi (2019 NY Slip Op 07977)





Matter of Dowling v Venettozzi


2019 NY Slip Op 07977


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

528854

[*1]In the Matter of Vincent Dowling, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: October 4, 2019

Before: Garry, P.J., Egan Jr., Devine and Aarons, JJ.


Vincent Dowling, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After a suspicion-based search of petitioner's cube (that he alone occupied) revealed a metal can lid fashioned into a weapon, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. The determination was affirmed upon administrative appeal, but petitioner received a discretionary reduction of his penalty. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination.
We confirm. The misbehavior report and the testimony of its author, who indicated that he found the weapon under the left rear corner of the large locker located in petitioner's cube, constitute substantial evidence to support the determination of guilt (see Matter of Nieves v Annucci, 123 AD3d 1368, 1368 [2014]; Matter of Muller v Fischer, 62 AD3d 1191, 1191 [2009]; Matter of Parrilla v Selsky, 32 AD3d 1086, 1087 [2006], lv denied 8 NY3d 803 [2007]; see generally Matter of McBride v Annucci, 142 AD3d 1218, 1219 [2016]). "Although other inmates had access to the area where the [weapon was] found, a reasonable inference of possession arises where, as here, the area where the contraband was discovered is within petitioner's control" (Matter of Cooperider v Annucci, 128 AD3d 1266, 1266 [2015] [citations omitted]; see Matter of Fisher v Fischer, 105 AD3d 1286, 1286 [2013]; Matter of Crook v Fischer, 91 AD3d 1076, 1076 [2012]; compare Matter of Dushock v Prack, 98 AD3d 777, 778 [2012]). Contrary to petitioner's assertion, the record does not reflect that the Hearing Officer relied upon any confidential information in reaching his determination and, therefore, "an assessment of the credibility of the information that prompted the search" was not required (Matter of Gomez v New York State Dept. of Corr. & Community Supervision, 147 AD3d 1140, 1141 [2017]; see Matter of Ortiz v Annucci, 160 AD3d 1192, 1193 [2018]; Matter of Boitschenko v Annucci, 156 AD3d 1066, 1066-1067 [2017]). Petitioner's denial of the charges, as well as his suggestion that he was "being set up," presented credibility issues for the Hearing Officer to resolve (see Matter of Gomez v New York State Dept. of Corr. & Community Supervision, 147 AD3d at 1141; Matter of Fisher v Fischer, 105 AD3d at 1286; Matter of Muller v Fischer, 62 AD3d at 1191). Petitioner's remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.