Matter of Degraffenreid v Venettozzi (2019 NY Slip Op 08908)





Matter of Degraffenreid v Venettozzi


2019 NY Slip Op 08908


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

529381

[*1]In the Matter of Kwamane Degraffenreid, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: November 8, 2019

Before: Egan Jr., J.P., Lynch, Clark, and Pritzker, JJ.


Kwamane Degraffenreid, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with making threats and extortion after the victim, a fellow inmate, identified petitioner as the person in his dorm unit who had been threatening him over an unpaid debt. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed, and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.
To begin, respondent acknowledges, and we agree, that the record does not support the extortion charge. Consequently, that part of the determination must be annulled. As to the remaining charge of making threats, the misbehavior report and testimony from its author, the sergeant who conducted the investigation and interviewed the inmate, provide substantial evidence to support the determination of guilt (see Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]). The sergeant's investigation disclosed that petitioner had loaned the inmate cigarettes, which he used to buy drugs. When the inmate was thereafter unable to repay the debt, petitioner threatened to cut him. Although petitioner contended that the inmate's allegations were false and motivated by his wish to obtain a housing transfer to avoid debts owed to other inmates in the facility, petitioner admitted that he had given the inmate a pack of cigarettes and that the inmate promised to pay him back. Petitioner further claimed that he told the inmate not to worry about repaying him. The conflicting testimony presented credibility and factual issues for the Hearing Officer to resolve (see Matter of Doolittle v Kirkpatrick, 153 AD3d 1490, 1491 [2017]).
Contrary to petitioner's claim, the Hearing Officer did not rely on confidential information, as the sergeant testified in petitioner's presence regarding his investigation and disclosed the relevant substance of his interviews, which were summarized in his memorandum received at the hearing as a confidential exhibit (cf. Matter of Mitchell v Rodriguez, 175 AD3d 787, 789 [2019]). Moreover, petitioner did not request either the inmate's letter reporting the threats or the photographic array from which the inmate identified petitioner. With regard to petitioner's claim that he did not receive adequate notice of the charges, although the misbehavior report did not specify "the date [and] time . . . of the incident" (7 NYCRR 251-3.1 [c] [3]),[FN1] when petitioner raised this issue at the hearing, the Hearing Officer questioned the sergeant, who testified that the inmate reported that the threats had been "ongoing" over "the last few weeks." Petitioner did not question the sergeant on this issue or call the inmate as a witness, and he never requested an adjournment or objected to the adequacy of the notice. In addition, he did not raise this issue on administrative appeal. Consequently, petitioner has not demonstrated that he was prejudiced by the foregoing, and any further claim is unpreserved for our review (see Matter of Quiroz v Venettozzi, 161 AD3d 1475, 1476 [2018]). Finally, petitioner was not denied the right to call witnesses, as four of his requested inmate witnesses testified and the fifth, who had not previously agreed to testify, signed a refusal form providing reasons for his refusal, of which petitioner was advised (see Matter of Cortorreal v Annucci, 28 NY3d 54, 58-59 [2016]; Matter of Mitchell v Rodriguez, 175 AD3d at 788). Petitioner's remaining contentions, to the exent not specifically addressed, have been examined and found to be without merit. Although we annul that part of the determination finding petitioner guilty of extortion, we need not remit the matter for a reassessment of the penalty on the remaining charge as petitioner has already served the penalty and no loss of good time was imposed (see Matter of George v Annucci, 166 AD3d 1157, 1158 [2018]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of extortion; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.



Footnotes

Footnote 1: The misbehavior report, which bore the date that the sergeant interviewed the inmate, specified that petitioner "has been threatening to cut him" and that this occurred in their dorm building.